## Commonwealth v. Adkinson

*John Dohanich, Esq.*, for appellant.
*John A. Caputo, Esq.*, for Commonwealth.

KLEIN, J., May 23, 1974.—This matter is before the court upon the appeal of Larry D. Adkinson from an order of the Secretary of Transportation suspending his motor vehicle privileges "until you post security or furnish release from other parties," pursuant to section 1404 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1404 (financial responsibility).

A hearing de novo was held on February 11, 1974.

The Commonwealth produced no witnesses regarding the matter but merely offered certified copies of appellant's record and the reports concerning the accident on file with the Bureau of Traffic Safety. In his petition for appeal, appellant admits that he was the owner of a motor vehicle which was involved in an accident on November 8, 1972. However, he asserts that the vehicle was being operated by another person unknown to him, and without appellant's permission.

Appellant contends that he comes within the purview of the exceptions to requirements of security embodied in section 1406 of The Vehicle Code, 75 PS §1406, which provides:

"The requirements as to security and suspension of section 1404 shall not apply:

\*    \*    \*    \*    \*

"(3) To the owner of a motor vehicle, if at the time of the accident, the vehicle was being operated without his permission, express or implied."

However, section 1212 of The Vehicle Code, 75 PS §1212, provides:

"In any proceeding for a violation of the provisions of this act or any local ordinance, rule or regulation, the registration plate displayed on such vehicle or tractor shall be prima facie evidence that the owner of such vehicle or tractor was then operating the same. If at any hearing or proceeding, the owner shall testify, under oath or affirmation, that he was not operating the said vehicle or tractor at the time of the alleged violation of this act or any local ordinance, rule or regulation, and shall submit himself to an examination as to who at that time was operating such vehicle or tractor, and reveal the name of the person, if known to him, or, if the information is made in a county other than that of his own residence, shall forward to the magistrate an affidavit setting forth these facts, then the prima facie evidence arising from the registration plate shall be overcome and removed and the burden of proof shifted."

In this proceeding, appellant testified, under oath and subject to cross-examination, to the effect that some person, unknown to him, had taken his vehicle without permission and was involved in the said accident of November 8, 1972.

Appellant's story was an incredible alibi but he did

establish that it was damaged that evening and was parked near his girl friend's house when the police arrived to inquire about the matter. Appellant was present at his girl friend's house when the police arrived.

As the court in the case of Commonwealth v. Kulnis, 23 Lawrence 381 (1972), we likewise assert that:

"With regard to such matters as the interpretation and application of this statute we adopt the theories and opinion of Judge de Furia in Comm. v. Artwell, 52 D. & C. 2d 1 (1970)."

Appellant has admitted that his automobile was involved in an accident and we find that he was in the driver's seat by way of said statutory presumption and the circumstantial evidence produced by appellant. However, the Commonwealth has produced no evidence upon which we may find that there is a reasonable likelihood of a judgment against the licensee: Bell v. Burson, 402 U. S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971); Commonwealth v. Harvey, 19 Chester 190 (1971).

We are unable to understand why the Commonwealth failed to subpoena and call an eyewitness to the accident and the investigating police officer. The police accident report was offered in evidence. Defendant objected to its admission. It is clearly inadmissable.

Consequently, we, regretfully and reluctantly, must reach the following

## CONCLUSIONS OF LAW

1. The Commonwealth has failed to prove that there is a reasonable likelihood of a judgment against appellant resulting from the accident of November 8, 1972.

2. The suspension of appellant's operating privileges was not lawful and reasonable as required by the

financial responsibility provisions of The Vehicle Code, 75 PS §1401.

3. Petitioner's operating privileges must be restored.

### ORDER

And now, May 23, 1974, for the reasons set forth in the foregoing opinion, the order of the Secretary of Transportation, dated September 28, 1973, suspending the operating privileges of Larry D. Adkinson until he posts security of $400 or furnishes releases from the other parties is reversed and set aside; petitioner's appeal is sustained and the secretary is ordered to restore all of the operating privileges of the said Larry D. Adkinson forthwith.